UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

In re: §
§
SECURITY NATIONAL WARRANTY, LLC § Case No. 08-23343
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 09/03/2008 . The undersigned trustee was appointed on 09/30/2008 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 20,006.14 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 31.92 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 19,974.22 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (10/1/2010) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 03/31/2009 and the deadline for filing governmental claims was 03/31/2009 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 2,750.61 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 2,750.61 , for a total compensation of $ 2,750.61 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 362.31 , for total expenses of $ 362.31 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/02/2011              By: /s/BARRY A. CHATZ
                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (10/1/2010) *(Page: 2)*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| SECURITY NATIONAL WARRANTY, LLC, | ) ) | Case No. 08-23343 |
| | ) | Hon. Eugene R. Wedoff |
| Debtor. | ) | |

### ATTACHMENT TO FINAL REPORT

Following his appointment on September 3, 2008, the Trustee undertook to liquidate the assets of the Debtor which consisted of: (1) the furniture, fixtures and equipment located at Debtor's former office; and (2) general intangibles of Debtor including two websites and various web content. The purchase price that was ultimately generated was considerably less than that which was anticipated. As a result of the reduction in sale proceeds, Trustee's attorneys exercised their billing discretion and voluntarily waived approximately 60% of their fees (46.40 hours of legal services having a value of $12,880.00 were written off) resulting in a final statement for services rendered by Trustee's attorneys of 31.20 hours having a value of $8,406.00. Ultimately, the final fees for the Trustee's attorneys were discounted by 60%.

There were also substantial professional fees incurred by the accountants employed by the estate. The accountants for the estate were required to complete and file complicated tax returns and amended partnership returns for the years 2008, 2009 and 2010. As the Debtor's business was no longer operating and the records of the Debtor were in less than an organized fashion, additional time was required for the proper preparation of the tax returns. After the initial preparation of 2008 taxes, additional documents were uncovered by the accountant which required the preparation and filing of amended returns for 2008. In addition to the tax returns that were required to be completed, the accountant was also required to prepare K-1 forms for

the members of the Debtor's limited liability corporation which resulted in cancellation of debt income being passed on to the LLC members. Upon the members' receipt of the cancellation of debt information, there were many telephone calls and inquiries made to the Estate's accountants for explanations.

      Due to the less than significant price generated from the sale of Debtor's assets and the increased administrative fees and expenses incurred regarding the administration of this case, there is no dividend available for distribution to creditors.